## Allen *v.* Holkins.

In the Court below,

SAMUEL HOLKINS, *Plaintiff;* JONATHAN ALLEN, *Defendant.*

ACTION of trespass *quare clausum fregit.* Plea, not guilty.

A lease for fifteen years, though not acknowledged, is admissible to shew, that the party was in possession of the land, claiming title.

A person is not a competent witness to impeach a writing, which he has subscribed.

On trial to the jury, the plaintiff offered in evidence a lease for fifteen years, from *Abel Mumford*, of the land in question, dated in 1796, which was duly signed, sealed, witnessed, and recorded ; but had not been acknowledged. The defendant claimed under a deed and lease from the said *Mumford*, dated in 1797. The plaintiff was in possession from the date of his lease, till the action was brought. The defendant offered *Mumford* as a witness, to prove, that the lease to the plaintiff was void, being intended only as a lease for a year. The lease was objected to, on one side, and the evidence of *Mumford*, on the other. The Court admitted the former, and rejected the latter. Verdict being for the plaintiff, the defendant filed a bill of exceptions.

D

The matters contained in the bill of exceptions were assigned for error.

*Huntington*, (of Suffield) and *Bradley*, for the plaintiff in error, contended, that the lease to *Holkins* was absolutely void, not being acknowledged agreeably to the requisitions of the statute; that *Mumford* was a competent witness to prove, that his lease to *Holkins* was void; and that the rule, which excludes witnesses from testifying to destroy instruments, which they have executed, extends only to negotiable paper, and, even in that instance, is denied in *Jordaine* v. *Lashbrooke*.(a)

*Terry*, for the defendant in error, argued, that the possession of *Holkins* was sufficient to enable him to maintain trespass; that the lease might well be admitted to shew, that *Holkins* was in, claiming title; and that he being in, claiming title, the subsequent lease and deed to *Allen* were void, under our statute.(c) It is of no consequence whether the title, by the lease, be valid, or not. It proves that *Holkins* claimed adversely to *Mumford*; and, therefore, the subsequent conveyances were void.

He also contended, that *Mumford* could not testify to defeat his own deed; and, that he was directly interested to establish a title in himself.

THE COURT affirmed the judgment, unanimously. Several of the *Judges* expressed a decided opinion, that the rule laid down, by Lord MANSFIELD, in *Walton* v. *Shelly*, (b) that no man should be admitted to swear

(a) 7 *Term Rep.* 601.          (b) 1 *Term Rep.* 296.
(c) *Stat.* 266.

1802.

ALLEN
*v.*
HOLKINS.

against his own deed, was sound law, and ought to be adhered to.(*d*)

(*d*) See *Hart* v. *M'Intosh*, 1 *Esp. Rep.* 289. To *assumpsit* by the indorsee of a promissory note, against the maker, the defence was illegality in the consideration, and the indorser was called to prove it. His evidence was objected to, on the ground, that it came within the rule in *Walton* v. *Shelly*. It was answered, that the court of King's Bench had now adopted a contrary rule. BULLER, J. before whom the case was tried, asked, if the last mentioned rule had ever been adopted in the Common Pleas? and being answered in the negative, he said he would adhere to the rule laid down by Lord MANSFIELD; and he accordingly rejected the evidence of the witness. *Le Blanc*, Serjt. said, that EYRE, Ch. J. had been of opinion, that the testimony of a witness under such circumstances was inadmissible.

The case of *Jordaine* v. *Lashbrooke* was decided in the King's Bench, after Justice BULLER had resigned his seat in that Court, and was appointed one of the Judges of the Common Pleas.